UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-10115-RGS

STEPHEN STOUTE

v.

ROSALIN ACOSTA, SECRETARY OF LABOR AND WORKFORCE DEVELOPMENT

ORDER

June 21, 2023

Stephen Stoute initiated this civil action by filing a *pro se* complaint against the Secretary of the Executive Office of Labor and Workforce Development for the Commonwealth. By Memorandum and Order dated March 13, 2023, Stoute was granted leave to proceed *in forma pauperis* and was advised that the complaint fails to set forth a plausible claim upon which relief may be granted. Docket No. 4. The court explained that there are state procedures to seek review of the denial unemployment benefits and that the complaint failed to state a claim for the violation of a constitutional right. *Id*. Stoute was advised that if he wished to proceed, he must file an amended complaint that sets forth a plausible claim upon which relief may be granted. *Id*. By Electronic Order dated April 6, 2023, Stoute's request for an extension of time until May 3, 2023 was allowed. Docket No. 6.

On May 3, 2023, Stoute filed an Amended Complaint. Docket No. 8. Stoute's amended complaint repeats, albeit in more detail, his efforts to challenge the denial of his claim for continued pandemic unemployment assistance. Among other things, Stoute contends that the defendant secretary "had a duty to make sure her employee while in official capacity, followed the law [and that she] had the responsibility to answer to complaints regarding violations of the law." Am. Compl. at ¶ 35.

Even with the more liberal construction accorded a *pro se* litigant's pleading, the amended complaint still fails to state any factual matter that, if accepted as true, would allow Stoute to prevail on any identifiable cause of action. It is well established that supervisory liability "cannot rest solely on a defendant's position of authority." *Ramirez–Lluveras v. Rivera–Merced*, 759 F.3d 10, 19 (1st Cir. 2014); *see Ocasio–Hernandez v Fortuno-Burset*, 640 F.3d 1, 16 (1st Cir. 2011).

Based upon the foregoing, and in accordance with the Court's March 13, 2023 Memorandum and Order, this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE